IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Builders Mutual Insurance Company, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Wingard Properties, Inc., a/k/a Wingard )<br>Properties; Brian J. Roberts; Christina K. )<br>Roberts; and Auto-Owners Insurance )<br>Company, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 4:07-cv-2179-TLW |

# ORDER

Plaintiff Builders Mutual Insurance Company ("Builders Mutual") filed this declaratory judgment action before this Court on July 16, 2007. (Doc. # 1). On November 20, 2008, Magistrate Judge Thomas E. Rogers, III entered an order staying the case. (Doc. # 44). The stay was lifted on October 6, 2009. (Doc. # 67). In October 2009, the underlying lawsuit was settled for $85,000. Builders Mutual and Defendant Auto-Owners Insurance Company ("Auto-Owners") each paid 50% of the $85,000 but reserved the right to contest allocation.

Auto-Owners filed a Motion for Summary Judgment on January 8, 2010. (Doc. # 72). Builders Mutual filed a Response in Opposition on January 21, 2010. (Doc. # 73). Additionally, on January 22, 2010, Builders Mutual filed a Motion for Summary Judgment. (Doc. # 74). Auto-Owners filed a Response in Opposition, (Doc. # 76), and a Reply, (Doc. # 77), on February 1, 2010. Wingard filed a Memorandum Regarding Summary Judgment on February 8, 2010. (Doc. # 79). The Court has carefully considered the motions, memoranda, and exhibits submitted by

the parties. The Court has determined the relevant facts from the record presented by the parties, and drawn all reasonable factual inferences in favor of the non-moving party as to each respective motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment if the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial responsibility of informing this Court of the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This requires the movant to identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex, 477 U.S. at 323; see also Anderson, 477 U.S. at 249.

Though the moving party bears this initial responsibility, the nonmoving party must then produce "specific facts showing that there is a genuine issue for trial." Fed R. Civ. P. 56(e); see Celotex, 477 U.S. at 317. In satisfying this burden, the nonmoving party must offer more than a mere "scintilla of evidence" that a genuine issue of material fact exists, Anderson, 477 U.S. at 252, or that there is "some metaphysical doubt" as to material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, it must produce evidence on which a jury could reasonably find in its favor. See Anderson, 477 U.S. at 252.

In considering the motions for summary judgment, this Court construes all facts and reasonable inferences in the light most favorable to the nonmoving party. See Miltier v. Beorn, 869 F.2d 848 (4th Cir. 1990). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita, 475 U.S. at 587 (1986) (internal quotations omitted).

## DISCUSSION

As stated, the underlying lawsuit to this declaratory judgment action, which was filed in state court, was settled. In summary, Brian and Christina Roberts asserted that their property had sustained substantial water and moisture damage that resulted from numerous construction defects. The Roberts asserted that these defects were the fault of their general contractor/developer, Wingard Properties. The suit was settled for $85,000, but Auto-Owners and Builders Mutual reserved the right to contest allocation. Auto-Owners argues that it should not be liable for any percent of the $85,000, while Builders Mutual contends that the 50/50 split is equitable. Therefore the maximum amount at issue as set forth in the motions is $42,500.

Auto-Owners and Builders Mutual concede that an "occurrence" is present and that the "occurrence" resulted in "property damage." Therefore, the remaining issue that the parties wish for this Court to decide is when the "occurrence" and "property damage" took place. Auto-Owners issued policies which were in effect from April 27, 1999 through April 27, 2003. The policies issued by Builders Mutual were in effect from May 1, 2003 through May 1, 2007. Auto-Owners contends that the liability-triggering event did not occur until October of 2005, after its policy had expired. Therefore, it asserts that it is not liable for any portion of the settlement.

Builders Mutual contends that Auto-Owners should remain liable for half the settlement because the liability-triggering event occurred during the coverage period of Auto-Owners' policies.

Additionally, both parties concede that the South Carolina Supreme Court has adopted a modified continuous trigger theory of liability. In Joe Harden Builders v. Aetna Casualty & Surety Co., 486 S.E.2d 89 (S.C. 1997) the South Carolina Supreme Court stated, "We hold coverage is triggered at the time of an injury-in-fact and continuously thereafter to allow coverage under all policies in effect from the time of injury-in-fact during the progressive damage." Id. at 91.

Auto-Owners contends that the injury-in-fact did not occur until October of 2005, which is after the expiration of Auto-Owners' insurance policies. Christine Roberts testified that she was not aware of any water intrusion problems until October 2005. Brian Roberts similarly stated that he did not become aware of the problems until October 2005. Auto-Owners notes that while there is evidence that construction deficiencies existed at the conclusion of construction, the only evidence that the deficiencies resulted in "property damage" occurred in October 2005. Auto-Owners contends that the only "injury-in-fact" occurred in October 2005 when water intruded into the house and caused damage, and therefore this is the relevant date at which liability should be assessed.

Builders Mutual asserts that the Roberts experienced a significant water leak shortly after they moved into their house. Builders Mutual also notes that some back windows had problems that resulted from water leaking into their residence. Additionally, Builders Mutual presents evidence that water damage resulted from incomplete and incorrect work from the original construction of the house. Finally, Builders Mutual has submitted testimony from Ronald E.

Wright, a representative of R.V. Buric. R.V. Buric is a construction consulting firm that the Roberts hired to inspect their home and to evaluate the water intrusion problems. According to Builders Mutual, when Mr. Wright was asked why he thought the defects manifested themselves so suddenly after five years, he stated that he did not believe the problems manifested themselves that quickly. Builders Mutual notes that Mr. Wright stated he believed there were construction defects present from the date of original construction which could have caused water to leak into the walls of the building, but not yet all the way to the interior. Therefore, Builders Mutual asserts that the evidence presented demonstrates that moisture intrusion problems existed from the time of original construction. Additionally, Builders Mutual argues that the construction defects did not suddenly come to light in 2005, but were the result of the flaws in the original construction, and the problems merely continued unabated into the future. Based on the evidence presented, Builders Mutual contends that the injury-in-fact occurred at the date of the house's original construction.

After reviewing the evidence presented by Builders Mutual and Auto-Owners, this Court cannot conclude that there is no genuine issue of material fact as to date at which the injury-in-fact occurred. When analyzing each motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. In viewing the facts as required, this Court cannot conclude that the facts as presented by Auto-Owners or Builders Mutual, as a matter of law, are sufficiently uncontested to warrant ruling for either party. Additionally, each party has presented evidence in its Response which confirms that there exists a genuine issue of material fact as to when the injury-in-fact occurred. Therefore, this Court denies both motions for summary judgment.

Furthermore, this Court directs both parties to mediate this dispute within forty-five (45) days of the filing of this Order. If mediation does not resolve the matter, then counsel for both parties are directed to file memoranda within twenty (20) days from the end of efforts to mediate addressing whether this Court still has jurisdiction over this action under 28 U.S.C. § 1332(a) in light of the fact that the amount in controversy is $42,500.

## **CONCLUSION**

For the reasons set forth herein, Builders Mutual and Auto-Owners' motions for summary judgment are **DENIED**. (Docs. # 72 and # 74).

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

June 4, 2010
Florence, South Carolina